UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHARLES ANDREW SIMONDS | CIVIL ACTION NO. 05-1270-M |
| VS. | SECTION P |
| LT. KINARD, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed in forma pauperis by pro se plaintiff Charles Andrew Simonds on July 13, 2005. Simonds is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is presently incarcerated at the Winn Correctional Center, Winnfield, Louisiana, but he complains of events occurring during his confinement at the Ouachita Parish Correctional Center (OPCC) in Monroe, Louisiana during the period from February through July, 2005. Plaintiff named OPCC staffers Lt. Kinard, Connie Murray, and Major Wheelis, and Ouachita Parish Sheriff Richard Fewell as defendants. He seeks monetary damages for "...mental anguish, emotional burden, stress, quality of life, and lack of proper medical treatment as well as the various forms of cruel and unusual punishment I have endured here at the Ouachita Correctional Center..."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff was incarcerated at OPCC from February 14, 2005 until his transfer in July, 2005. Plaintiff claims that during that period he constantly requested a trustee job but his requests

were denied for a variety of inconsistent reasons. In support of his claim plaintiff has submitted copies of letters and Administrative Remedies Procedure (ARP) grievances he submitted to OPCC officials. These exhibits establish the following:

1. On May 18, 2005, plaintiff wrote a letter to Lt. Kinard. In that letter plaintiff advised that he had written over twenty written requests for employment. He claimed that he had received no response. He complained that pre-trial detainees and convicted inmates who arrived at OPCC after him had been given jobs. He further reminded Kinard that he is infected with HIV (Human Immunodeficiency Virus) and remarked that he hoped that his infection was not the reason his requests for employment had been ignored as this would be violative of the "Americans With Disabilities Act." A copy of this letter was forwarded to Captain Murray. [Doc. 1-4, pp. 5-8]

Kinard responded, "You do not get job assignments because my medical staff has given me a 'NO' on your screening form." [Doc. 1-4, p. 6] Captain Murray responded, "Mr. Simonds all our possible workers are screened for health problems before they are given a job. For your own safety Lt. Kinard has elected along with medical not to work you." [Doc. 1-4, p. 8]

Plaintiff then corresponded with Sgt. Steelman of the OPCC medical department. Sgt Steelman responded, "I did not give you a 'NO' on screening ...." [Doc. 1-4, p. 4]

2. On May 20, 2005, plaintiff submitted a formal ARP grievance and noted the discrepancies between Kinard's reply and Steelman's reply. The ARP was not answered because all parties were not immediately available. [Doc. 1-4, p. 1] On May 24, 2005 plaintiff filed a second step ARP. The administration responded, "...we, (the staff) at OCC reserve the right to work who we feel is best suitable for work assignment. We are not discriminating against you

because of your medical status." Plaintiff rejected this response and filed a Third Step appeal. On May 26, 2005, Lt. Kinard replied, "Sir, to my best recollection I had no knowledge of your exact medical problem until you stated it in an ARP. Medical says no work for you." Plaintiff rejected this response and submitted a Fourth Step ARP. On May 31, 2005, Captain Murray responded, "Mr. Simonds, we screen all possible workers. You are on the ship list, therefore you have not been given a job." [Doc. 1-4, p. 2]

3. On May 30, 2005 plaintiff again corresponded with Captain Murray pointing out the discrepancies in the responses of Lt. Kinnard and Sgt. Steelman. On some unspecified date Murray replied, "Mr. Simonds you will not work here and as soon as DOC has you in the ready status you will be shipped." [Doc. 1-4, p. 9]

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The thoroughness of the complaint convinces the court that plaintiff has pled his best case and need not be afforded any further opportunity to amend.

Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted, that his claims are frivolous, and accordingly, dismissal of the complaint is recommended.

### 2. Mental Anguish

Plaintiff seeks damages for "mental anguish, emotional burden, stress..." etc. Title 42

4

U.S.C. § 1997e(e) provides, "No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Recently, the Fifth Circuit Court of Appeals determined that with respect to the application of the above cited statutory provision, "... it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Thus, a prisoner's claim for mental anguish, coupled with his failure to allege physical injury, triggers the statutory bar of §1997e(e) precluding recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of a purported constitutional violation. Since he has alleged no physical injury as a result of the activities complained of, plaintiff's claims for suffering and mental anguish are frivolous.

### 3. Prison Job

Plaintiff assumes that he has a Constitutional right to prison employment. In order to state a Constitutional claim for either a substantive or procedural due process violation, the plaintiff must demonstrate that he was "denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir.2000); accord *Sandin v. Conner*, 515 U.S. 472, 481-83, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (a prisoner has a liberty interest only in "freedom[s] from restraint ... impos [ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Bryan v. City of Madison*, 213 F.3d 267, 274 (5th Cir.2000), *cert. denied*, 531

U.S. 1145, 121 S.Ct. 1081, 148 L.Ed.2d 957 (2001)(property interest). "While no State may deprive any person of life, liberty or property, without due process of law, it is well-settled that only a limited range of interests fall within this provision. Liberty interests protected by the Fourteenth Amendment may arise from two sources – the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (quotation and citation omitted). Additionally, the due process clause of the Fourteenth Amendment is not implicated because an inmate does not a have a protected property or liberty interest in his in prison job assignment. *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.1988). Even the revocation of a prison job does not first require that certain procedures be imposed to ensure due process is satisfied.

Plaintiff does not have a protected liberty interest in obtaining a prison job assignment. His claim is clearly frivolous.

To the extent that plaintiff maintains that defendants' refusal to employ him was violative of the Americans With Disabilities Act (ADA),[1] his claim fares no better.

To establish a *prima facie* case for discrimination under the ADA, a plaintiff must be a <u>qualified individual with a disability</u>. *Mason v. United Air Lines*, 274 F.3d 314, 316 (5th Cir.2001). The term "disability" under the ADA means: "(A) a physical impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Among other things, a plaintiff claiming disability by virtue of an HIV infection, must establish that the impairment substantially limits a "major life activity." See *Bragdon v. Abbott*,

---

[1] 42 U.S.C. § 12101 *et seq*.

524 U.S. 624, 631, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998). "Major life activities" may include "[a]ny physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 479-80, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

The Supreme Court has held that asymptomatic HIV qualifies as a physical impairment from the moment of infection, *Bragdon*, 524 U.S. at 637, 118 S.Ct. 2196, and that HIV substantially limits the major life activity of reproduction. *Id.* at 647, 118 S.Ct. 2196. Therefore, only those HIV-positive persons who show substantial limitation in the major life activity of reproduction are entitled to protection under the ADA. *Id.*

Plaintiff is a prisoner. His inability to engage in the major life activity of reproduction at this time is not attributable to his disease. In short, plaintiff cannot show that he is disabled and therefore his claim is not one covered under the ADA.

### 4. Medical Care Claim

In his prayer for relief, plaintiff contends that he should be awarded damages "...for lack of proper medical treatment..." Plaintiff provides no factual basis for this claim and certainly it is subject to dismissal on that basis alone. Nevertheless, it is clear from the exhibits provided that with respect to this claim, plaintiff failed to exhaust available administrative remedies.

The ARPs submitted by plaintiff grieved only the denial of prison employment. These ARPs contained no allegations with respect to the claim that he was denied appropriate medical care.

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e(a), which makes the exhaustion requirement mandatory in prison conditions cases, provides as follows:

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The PLRA's strict exhaustion requirement is stringently applied and is not a matter of judicial discretion: "<u>no action</u> shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). These rigid requirements are intended "to promote administrative redress, filter out groundless claims and foster better prepared litigation of claims aired in court." *Id.*

Thus, to the extent that the complaint states a claim with respect to plaintiff's allegation that he was denied adequate medical care, that claim is subject to dismissal since it was not the subject of plaintiff's ARP Grievance and therefore remains exhausted.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that to the extent that plaintiff seeks to raise a medical care claim, that such claim be **DENIED** and **DISMISSED** for plaintiff's failure to

exhaust administrative remedies as mandated by the provisions of 42 U.S.C. §1997e(a).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of October, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE